21-6048-ag
Dandan Wang v. Garland

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of December, two thousand twenty-three.

PRESENT: ROBERT D. SACK,
                RAYMOND J. LOHIER, JR.,
                MARIA ARAÚJO KAHN,
                  *Circuit Judges*.

-------------------------------------------------------------------

DANDAN WANG, SHUXIANG
ZHAO,

       *Petitioners*,

      v.                                 No. 21-6048-ag

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,

       *Respondent*.

-------------------------------------------------------------------

FOR PETITIONERS:                    Jim Li, Flushing, NY

FOR RESPONDENT:                    Brian M. Boynton, Acting
                                   Assistant Attorney General;
                                   Derek C. Julius, Assistant
                                   Director; Zoe J. Heller, Senior
                                   Litigation Counsel, Office of
                                   Immigration Litigation, United
                                   States Department of Justice,
                                   Washington, DC

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the petition for review of the Board of Immigration Appeals (BIA) decision is hereby DENIED.

Petitioners Dandan Wang and Shuxiang Zhao, natives and citizens of the People's Republic of China, seek review of a January 14, 2021 decision of the BIA affirming a July 5, 2018 decision of an Immigration Judge (IJ), which denied Wang's application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT), on which Zhao was listed as a derivative beneficiary. *In re Dandan Wang, Shuxiang Zhao*, Nos. A205 901 077/078 (B.I.A. Jan. 14, 2021), *aff'g* Nos. A205 901 077/078 (Immig. Ct. N.Y.C. July 5, 2018). We assume the parties' familiarity with the underlying facts and the record of prior

proceedings, to which we refer only as necessary to explain our decision to deny the petition.[1]

We review the IJ's decision as modified by the BIA—that is, without considering the findings that the BIA did not adopt. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's "legal conclusions *de novo*, and its factual findings, including adverse credibility determinations, under the substantial evidence standard." *Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) (quotation marks omitted). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). Accordingly, "[w]e afford particular deference to [an] IJ's adverse credibility determination." *Chen v. Garland*, 75 F.4th 109, 113 (2d Cir. 2023) (quotation marks omitted).

In assessing credibility, an IJ must consider "the totality of the circumstances," including factors such as "the inherent plausibility of the applicant's or witness's account, the consistency between the applicant's or

---

[1] Petitioners' argument that the IJ lacked jurisdiction over their removal proceedings fails because it is unexhausted and foreclosed by *Banegas Gomez v. Barr*, 922 F.3d 101, 110–12 (2d Cir. 2019). *See also Lin Zhong v. U.S. Dep't of Just.*, 480 F.3d 104, 122–23 (2d Cir. 2007), *abrogated on other grounds by Santos-Zacaria v. Garland*, 598 U.S. 411 (2023); *Chery v. Garland*, 16 F.4th 980, 987 (2d Cir. 2021).

witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record (including the reports of the Department of State on country conditions) . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018).

Here, substantial evidence supports the agency's determination that Wang was not credible when she claimed that she was forced to have an abortion under China's family planning policy. In support of its adverse credibility finding, the agency reasonably relied on the inconsistency between Wang's testimony that her abortion was forced and the statement in her medical record that the abortion was "requested." Cert. Admin. R. 49; *see* 8 U.S.C. § 1158(b)(1)(B)(iii). After obtaining the consent of Wang's counsel to take administrative notice of the

4

definition of "miscarriage" on a website,[2] Cert. Admin. R. 133–34, the IJ

determined that the medical record's reference to a request to miscarry referred

to a "spontaneous" abortion as opposed to a forced abortion and therefore

contradicted Wang's testimony that she was forced to abort, *id.* at 49–50.

Wang's petition challenges that determination, pointing to a corrected

translation of her medical record to argue that the original translation of her

medical record before the IJ incorrectly used the word "miscarry" when it should

have read "abort."  But Wang failed to present the corrected translation to the IJ,

waiting instead to do so for the first time on appeal to the BIA, which declined to

consider it.[3]  Because the BIA does not have the authority to consider new

evidence (here, the corrected translation) as part of its appellate review, *see* 8

C.F.R. § 1003.1(d)(3)(iv), and because Wang did not bring a motion to remand to

the IJ so that the new evidence could be considered, the BIA did not err in

declining to consider it, *id.* § 1003.1(d)(3)(iv)(D); *see De La Rosa v. Holder*, 598 F.3d

---

[2] Absent counsel's inexplicable agreement and waiver of this issue before the IJ, we might be troubled by the IJ's decision to take administrative notice of information on a random website.

[3] Wang's counsel submitted the first translation to the IJ.  Wang thus had ample opportunity prior to her hearing before the IJ to review the translation and correct any errors.

103, 108 n.2 (2d Cir. 2010).

The agency also found that Wang's personal circumstances at the time of her pregnancy cast doubt on her claim that her abortion was involuntary. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). For example, the agency pointed to Wang's acknowledgment that she was not visibly pregnant and had not disclosed her pregnancy at the time the family planning officials visited her home.

The agency also properly relied on Wang's failure to rehabilitate her testimony with sufficient corroborating evidence. "An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007); *see also Xiao Ji Chen v. U.S. Dep't of Just.*, 471 F.3d 315, 341 (2d Cir. 2006). As the IJ noted, Wang failed to provide corroborating evidence from her parents, whom she claimed picked her up from the hospital after the abortion procedure. After noting that the parents' lack of education might explain their failure to submit a formal letter, moreover, the IJ concluded that someone else could have written their account on their behalf. The IJ also noted that the country conditions information Wang provided did not corroborate her

6

contention that she was subject to a forced abortion in China in 2012.

Taken together, the inconsistencies and lack of corroboration provide substantial evidence for the IJ's adverse credibility determination. *See Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[E]ven a single inconsistency might preclude [a noncitizen] from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully."); *Xiu Xia Lin*, 534 F.3d at 167. The adverse credibility determination is dispositive of Wang's claims for asylum, withholding of removal, and CAT relief because all three forms of relief were based on the same facts. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

We have considered Petitioners' remaining arguments and conclude that they are without merit. For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays are VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court
